OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In this ejectment action, the majority at the Appellate Division properly applied the rule that where there is an *733 ambiguity as to the meaning of a provision of a lease, prepared by the landlord, the ambiguity should be resolved in favor of the tenant.
In September, 1975, landlord 151 West Associates leased certain premises to tenant Printsiples Fabric Corp. for a term of 10 years. In August, 1978, the tenant sublet to Futterman-Schlang Industries, Ltd., subject to the terms of the main lease with the approval of the landlord. Shortly thereafter, the tenant encountered serious financial difficulties, a committee of its creditors was formed, and in April, 1980, the creditors entered into an agreement with a third party, Norcnote Associates, wherein the latter purchased all of their claims against the tenant, subject to certain conditions, and took from them an assignment of those claims. The tenant, although not a party to the agreement, consented to be bound by its terms.
In July, 1980, the landlord informed both tenant and subtenant Futterman of its intention to terminate the main lease pursuant to the “Bankruptcy” clause therein, which provided: “Bankruptcy: 16. (a) If at the date fixed as the commencement of the term of this lease or if at any time during the term hereby demised there shall be filed by or against Tenant in any court pursuant to any statute either of the United States or of any state, a petition in bankruptcy or insolvency or for reorganization or for the appointment of a receiver or trustee of all or a portion of Tenant’s property, and within 60 days thereof, Tenant fails to secure a dismissal thereof, or if Tenant make an assignment for the benefit of creditors or petition for or enter into an arrangement, this lease, at the option of Landlord, exercised within a reasonable time after notice of the happening of any one or more of such events, may be cancelled and terminated by written notice to the Tenant (but if any of such events occur prior to the commencement date, this lease shall be ipso facto cancelled and terminated)”. (Emphasis added.) This ejectment action ensued.
The specific issue to be resolved is the meaning of the term “arrangement” as used in the lease. While the “Bankruptcy” clause expressly authorizes the landlord to cancel the lease should tenant “petition for or enter into an arrangement”, the nature of such an “arrangement” *734 within the contemplation of the parties is nowhere explained. The landlord contends that the agreement between tenant’s creditors and Norcnote Associates constituted an “arrangement” which triggered the cancellation provisions in the “Bankruptcy” clause of the lease. The majority at the Appellate Division held otherwise and we agree.
It has long been the rule that ambiguities in a contractual instrument will be resolved contra proferentem, against the party who prepared or presented it. (Taylor v United States Cas. Co., 269 NY 360, 364.) Moreover, unless the terms of a lease are clear, no additional requirements or liabilities will be imposed upon a tenant. (67 Wall St. Co. v Franklin Nat. Bank, 37 NY2d 245, 249; 455 Seventh Ave. v Hussey Realty Corp., 295 NY 166, 172.) Consequently, here, where there is uncertainty in the lease as to the meaning of “arrangement”, the ambiguity should be resolved against the landlord.
Indeed, to the extent that the “Bankruptcy” clause in the lease can be reasonably construed, its provisions do not favor the landlord. In light of both the “Bankruptcy” title of the clause and the nature of the other provisions contained therein, the phrase “petition for or enter into an arrangement” makes sense only with reference to the Bankruptcy Act of 1938 in effect at the' time the lease was entered. The provisions of that now replaced statute explicitly addressed and defined “arrangements” and “petitions” therefor in chapter 11, entitled “Arrangements”. (US Code, tit 11, former §§ 701-799.) Under its provisions, an arrangement required a petition to be filed in a pending bankruptcy proceeding, or, if none were pending, with the court which would have jurisdiction of a bankruptcy adjudication. (US Code, tit 11, former §§ 721, 722.)
In this case, there has been neither a petition filed nor a bankruptcy or separate arrangement proceeding commenced. Clearly, tenant did not “petition for or enter into an arrangement” within the meaning of the old Bankruptcy Act. Consequently, the termination provision of the “Bankruptcy” clause was never triggered.*

 We disagree with the contention in the dissenting opinion that the mere use of the same word “arrangement” in the agreement between Norcnote and the tenant’s creditors is dispositive of the meaning of that term as employed in the expressly entitled *735 “Bankruptcy” clause of the lease. Not only were the instruments written and entered into by different parties, but also the former explicitly refers to a “nonjudicial arrangement or settlement” (emphasis added), while the latter speaks of the tenant “petitioning] for or entering] into an arrangement”, clearly referring to a judicial proceeding within the contemplation of the old Bankruptcy Act which was no longer in effect at the time of the agreement between Norcnote and the tenant’s creditors.