■ ZIPORA BEN-DAVID et al., Respondents, v FERNANDO MATEO, Doing Business as CARPET FASHIONS, et al., Appellants.—Order of the Supreme Court, Appellate Term, First Department (Thomas J. Hughes, P. J., Xavier C. Riccobono, J., Stanley Ostrau, J.), entered February 27, 1986, which affirmed

so much of the order of Civil Court, New York County (Charles F. Ramos, J.), entered August 30, 1985, as granted the landlords petitioners summary judgment on the cause of action to recover possession of the basement premises at 14 Avenue A in Manhattan, is unanimously reversed, on the law, and the motion for summary judgment denied, without costs.

At issue in this dispute between landlords petitioners and tenants respondents-appellants is whether the leasehold to the premises known as 14 Avenue A includes the basement area, as the tenant maintains, or only the store on the building's main floor, as the landlord claims. Civil Court granted the landlords summary judgment on this issue and Appellate Term affirmed that part of the order of Civil Court, which is the subject of the instant appeal. Because we find that the written lease between the parties is ambiguous on this issue and the circumstances surrounding this dispute, which indicate the landlord's knowledge of and acquiescence in the tenant's continuous use of the basement as a storage area since 1975, present a triable issue of fact, the grant of summary judgment was erroneous.

The lease describes the leased premises as: "The store located in building 14 Av [sic] A N.Y. N.Y. 10003." Mention of the basement is, however, also made in the lease in the following manner: "The Landlord has the right to use the basement door open during business hours, one side only, as long as it is not blocking the window show case." The tenant argues that the landlords inserted this language to reserve a right of access to the basement, which the tenant was otherwise entitled to use. The landlords dispute this and argue that the clause merely prohibits their use of the basement in such a way as interferes with the tenant's business. As both interpretations are plausible, we conclude that the lease is ambiguous as to whether the leasehold includes the basement.

The landlords having drafted this ambiguous document, it should have been construed liberally in the tenant's favor (151 W. Assocs. v Printsiples Fabric Corp., 61 NY2d 732, 734), thus precluding the grant of summary judgment to the landlords on this issue. Moreover, in ascertaining the intent of the parties on this issue, consideration of the surrounding circumstances is relevant, and the tenant's continuous use of the basement with the knowledge and acquiescence of the landlords was also indicative of the plausibility of the tenant's claim, making the grant of summary judgment improper. Accordingly, we reverse and remand the matter for a trial on

this issue. Concur—Sandler, J. P., Carro, Asch, Rosenberger and Ellerin, JJ.