**KFC NATIONAL MANAGEMENT COMPANY, Plaintiff,**

v.

**Emanuel KONTOKOSTA, Alice Kontokosta and Cally Kontokosta, Defendants.**

**No. 88 Civ. 6433 (MEL).**

United States District Court, S.D. New York.

Feb. 15, 1989.

Eisen & Schulman, New York City, for plaintiff; Edwin Roy Eisen, of counsel.

Argiriou & Finkel, New York City, for defendants; Arthur Argiriou, of counsel.

LASKER, District Judge.

Plaintiff KFC National Management Company ("KFC"), which operates a Kentucky Fried Chicken restaurant on a property leased to it by the defendants Emanuel, Alice, and Cally Kontokosta, seek to replace the existing structure on that leased property. KFC contends, and the defendants dispute, that it has a right to demolish and replace the existing building under New York Real Prop. Acts. Law § 803 (McKinney 1979) and the terms of the lease. The parties have cross-moved for summary judgment; based on the authority of *Two Guys from Harrison–N.Y. v. S.F.R. Realty Associates,* 63 N.Y.2d 396, 482 N.Y.S.2d 465, 472 N.E.2d 315 (1984), defendants' motion is granted.

Section 803 sets forth the conditions under which a tenant for a term of years, like KFC, may alter or replace a structure on the property despite the objections of the landlord. The parties dispute KFC's ability to satisfy only one of these conditions, namely that specified in § 803(1)(c), which requires:

> That the proposed alteration or replacement is not in violation of the terms of any agreement or other instrument regulating the conduct of the owner of the estate for life or for years or restricting the land in question . . .

Thus, the question whether KFC has the right to replace the existing building turns on an interpretation of the lease. As was true in *Two Guys,* plaintiff has failed to show that the only relevant language in the lease—that of paragraphs four and nine—"did not prohibit the proposed [replacement] or that it permitted [the change]. As such, [the plaintiff] has no right to make [this] modification[ ] under RPAPL 803 or the contract." 63 N.Y.2d at 405, 482 N.Y.S.2d at 469, 472 N.E.2d at 318.

Paragraph four of the lease, which addresses "Permits and Title," provides in

relevant part that "[o]ne of the considerations for the Lessor entering into the within lease is a representation and warranty that the Lessee will erect a building on the vacant land in the approximate size of 22 feet by 65 feet, to be used as is hereinafter provided for." KFC built such a building, but now seeks to replace it with one approximately 30 feet 8 inches by 76 feet 8 inches.

In *Two Guys*, when determining whether the contract permitted alterations to the exterior or structure, the Court of Appeals held that the contract clause permitting interior nonstructural alterations and removal of walls to permit access to improvements on an adjoining premise "should be read as implicitly prohibiting other alterations." 63 N.Y.2d at 404, 482 N.Y.S.2d at 468, 472 N.E.2d at 317. Similarly, in the case at hand, where paragraph four addresses the construction of a building, but fails to mention its demolition, that silence implies a prohibition on such activity. Moreover, the dimensions of the proposed replacement expressly do not comport with the specific language of paragraph four.[1]

The terms of paragraph nine, which discusses "Repairs and Maintenance," are not to the contrary. Paragraph nine states:

The Lessee agrees that it will during the term hereof keep and maintain all buildings and improvements hereafter erected upon the Demised Premises, both outside and inside, in good and substantial order and repair, at the Lessee's sole cost and expense, including, but not limited to, all walls, roofs, floors, vaults, sidewalks, curbs, water and sewer connections, windows and to other glass, plumbing, water, gas and electric fixtures, pipes, wires and conduits, and all elevators, boilers, machinery, fixtures and appurtenances in, on or connected with, the demised premises; and the Lessee shall replace and renew, with like kind and quality, any of the said things in, on, or about the demised premises that may become outworn, so that, at all times, the said buildings and equipment shall be in thorough good order, condition and repair, reasonable wear and tear and usual damage by the elements excepted.

Admittedly, the language of paragraph nine is broad as to the subject it covers: repairs and maintenance. The list of items that may be replaced is not restricted and it essentially permits, for maintenance purposes, replacement of all elements of the building, but it does not authorize replacement of the building as an entity.

However, paragraph nine must be viewed in the context of the other lease provisions, such as that of paragraph four which specifies the building that is to be built and the language of paragraph one, which provides that the Lessee would hire the property described, "together with *a certain new building* and land improvements to be erected by the Lessee as hereinafter provided...." (Emphasis added). The very specific language of these paragraphs indicates that the very general language of paragraph nine was not meant to permit replacement of the building itself, particularly with one larger than that specified in paragraph four. A contrary interpretation would render these more specific provisions meaningless. *Two Guys*, 63 N.Y.2d at 403, 482 N.Y.S.2d at 468, 472 N.E.2d at 317 (court should construe contract in such a way that would not leave clauses meaningless). In addition, the language of paragraph nine itself impliedly restricts the permitted replacements to the elements of the building by including in the list of "said things" only parts of the building, without any reference to the whole.

In sum, KFC has failed to establish that the lease permitted or did not prohibit the replacement of the now existing building, and thus, under the holding of *Two Guys*, neither the lease nor § 803 permit the proposed demolition and replacement. Accordingly, defendants' motion for summary

---

**1.** Because the language of paragraph four is clear, it need not be construed against the Lessor as drafter. *151 West Associates v. Printsiples Fabric Corp.*, 61 N.Y.2d 732, 734, 472 N.Y.S.2d 909, 910, 460 N.E.2d 1344, 1345 (1984) (holding that ambiguity in a lease should be construed against its drafter).

judgment is granted and plaintiff's motion is denied.

It is so ordered.