D'Allesandro v. Johnson & Wales U.     CV-94-543-SD  01/23/95

                    UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEW HAMPSHIRE


Jennifer D'Allesandro;
Claire Hall


        v.                                      Civil No. 94-543-SD


Johnson & Wales University



                              O R D E R


     In this civil action, plaintiff Jennifer D'Allesandro

alleges claims of (1) breach of contract, (2) invasion of privacy

in violation of both the Constitution of the United States and

that of the State of Rhode Island, (3) deprivation of procedural

and substantive due process rights in violation of 42 U.S.C. §

1983, as well as (4) conspiracy to deprive D'Allesandro of the

equal protection of the laws in violation of 42 U.S.C. § 1985

against defendant Johnson & Wales University.  Plaintiff Claire

Hall, D'Allesandro's mother, seeks reimbursement for twenty-two

weeks of child support forfeited as a consequence of

D'Allesandro's suspension and expulsion from the University.

     Presently before the court is plaintiffs' motion to remand,

to which defendant objects.

                              Factual History

     During the academic year 1992-93, plaintiff D'Allesandro was

enrolled as a student in a two-year educational program at the

University, situated in Rhode Island, and participated in the

University's on-campus residency program.  Writ of Summons Count

I.  On March 21, 1993, after visiting with her parents in New

Hampshire, D'Allesandro returned to the University and discovered

her dormitory room was about to be searched by various members of

the University's Security and Student Affairs personnel.[1]  Id.

Although D'Allesandro was informed

               that her room was going to be searched . . .
               [she] was not informed as to the reason for
               the search nor asked for her permission to
               search her room, nor did she assent to said
               search [and] at the conclusion of said
               search, [she] was not told what, if anything,
               was found in her room as a result of the
               search . . . .

Id.

     The University scheduled an appeal conference which was held

on March 24, 1993.  Id.  D'Allesandro alleges that "prior to said

conference, [she] was not provided with any information regarding

---

     [1]Such security personnel included Campus Safety and Security
Chief Peter Postican, Corporal Arthur O'Connell, Officer John
Brewer, and Officer Carl Cunningham.  Writ of Summons Count I.
Other University personnel in attendance included the Dean of
Students, Michael Pasquarella, as well as University staff
members Ralph Brooks, Carol Lombardi, Peter Petroscka, and Karen
Fontes.  Id.  The court notes, however, that the University is
the sole named defendant in this action.

                                   2

[the] room search . . . [nor] informed as to what Johnson & Wales conduct violation(s) she was being charged with . . . ." Id. At the March 24 conference,

> Defendant informed Plaintiff that she was being suspended from Johnson & Wales for possessing, using and selling illegal drugs, to wit, marijuana; that . . . the evidence[2] against her consisted of marijuana confiscated during the aforesaid room search, a statement by an unidentified student, and a surveillance tape made by the Rhode Island Police Department.

Id. Upon conclusion of the appeal conference, D'Allesandro was expelled from the University "and told to vacate the premises without being issued a refund for either tuition or residence fees . . . ." Id.

## Procedural History

Plaintiff initiated the instant action by Writ of Summons filed in Hillsborough County (New Hampshire) Superior Court, Southern District, on October 11, 1994. Defendant thereafter removed the action to this court on October 24, 1994, basing the court's jurisdiction upon the federal questions raised in Counts II (invasion of privacy) and III (violation of 42 U.S.C. §§ 1983,

---

[2]The court notes that such alleged evidence, "although requested [by D'Allesandro] many times, has [n]ever been shown to [her]." Writ of Summons Count I.

3

1985) of plaintiffs' Writ of Summons.[3]  By motion filed
November 11, 1994, plaintiffs request this court to remand the
proceedings to the Hillsborough County Superior Court.

<u>Discussion</u>

<u>1.  Motion to Remand Standard</u>

"It is, of course, familiar law that the right of removal
being statutory, a suit commenced in a state court must remain
there until cause is shown for its transfer under some act of
Congress."  <u>Great N. Ry. Co. v. Alexander</u>, 246 U.S. 276, 280
(1918) (citation omitted).  Although Congress has created a
removal mechanism, such congressional acts are subject to strict
construction by the courts.  <u>See</u>, <u>e.g.</u>, <u>Shamrock Oil & Gas Corp.
v. Sheets</u>, 313 U.S. 100, 108 (1941) ("the policy of the
successive acts of Congress regulating the jurisdiction of
federal courts is one calling for the strict construction of such
legislation").

If a state court action is subsequently removed to federal
court,

> the plaintiff may, by a motion to remand
> . . ., take issue with the statements in the

_____

[3]Despite the diverse citizenship of the parties, the facial
amount in controversy does not exceed the sum or value of
$50,000, and thus jurisdiction could not be founded upon 28
U.S.C. § 1332.

4

> petition. If he does, the issues so arising
> must be heard and determined by the District
> Court, and . . . the petitioning defendant
> must take and carry the burden of proof, he
> being the actor in the removal proceeding.

Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)

(citations omitted). Even if a defendant carries this burden and

demonstrates that removal was statutorily sufficient, the court

has discretion to remand the matter under certain circumstances.

See 28 U.S.C. § 1367(c), infra note 9 (outlining four criteria

which may warrant remand); see also id. at § 1441(c), infra note

6 (court may remand all matters in which state law predominates).


2. Propriety of Removal

Defendant asserts, in essence, that removal is appropriate

under the circumstances of the case at bar due to a combination

of the "arising under" provision of the removal statute, 28

U.S.C. § 1441(b),[4] and the congressional grant of supplemental

jurisdiction to the district courts, 28 U.S.C. § 1367(a).[5] The

---

[4]According to subsection (b) of section 1441, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b) (1994).

[5]Subsection (a) of section 1367 provides as follows:

> Except as provided in subsections (b) and
> (c) or as expressly provided otherwise by

district court's adjudication of the entire matter, according to the University, including plaintiffs' state-law claims, is therefore permissible. Plaintiffs contend, however, that defendant's removal was driven by the "separate and independent" claim provision of the removal statute, 28 U.S.C. § 1441(c).[6] In light of the discretion afforded by subsection (c), plaintiffs argue that remand is appropriate "under the facts and pleadings in this case [since] State law clearly dominates this action . .

--------

Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (1993).

[6]Under subsection (c) of section 1441:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

6

. ." Memorandum of Law in Support of Plaintiffs' Motion for Remand of Civil Action at 3 (Motion for Remand).

a. The Power to Exercise Jurisdiction

Plaintiffs' alleged injuries are premised, in toto, upon the events that transpired on March 21 and 24, 1993. Whereas plaintiff Hall's single reimbursement claim seems to be grounded in state common law, plaintiff D'Allesandro seeks recovery on theories "arising under the Constitution . . . [and] laws of the United States," 28 U.S.C. § 1441(b), in two of her three claims. Irrespective of the precise combination of state and federal claims asserted, plaintiffs' claims are all premised upon the identical precipitating events and thus all "derive from a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

As the Supreme Court has indicated, "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14 (1951) (footnote omitted).[7] Since the complaint states a federal claim upon its

---

[7]The court notes that although Finn was written prior to the 1990 amendments to section 1441(c), such amendments did not substantially alter the "separate and independent" analysis in

7

face, well-settled law in this judicial circuit dictates that "a state action that includes a federal claim may be removed by the defendant to a federal court." Ching v. Mitre Corp., 921 F.2d 11, 13 (1st Cir. 1990) (citations omitted); see also Neptune v. McCarthy, 706 F. Supp. 958, 962 (D. Mass. 1989) ("In asserting a § 1983 claim the complaint has set forth a federal claim on its face, and under Gibbs, [supra,] parallel state and federal claims against the [] defendant[] should be tried together").

The court hereby finds that the propriety of defendant's removal is governed by the provisions and case law pertaining to subsection (b) of the removal statute, 28 U.S.C. § 1441, not subsection (c).[8] In consequence thereof, the court further finds

_____

regard to federal question claims. See, e.g., Williams v. Huron Valley Sch. Dist., 858 F. Supp. 97, 99-100 (E.D. Mich. 1994) (identifying Finn as providing proper analysis for determining whether federal question claims are "separate and independent"); Clark v. Milam, 813 F. Supp. 431, 434 n.3 (S.D. W. Va. 1993) (same).

[8]Plaintiff's reliance on Holland v. World Omni Leasing, Inc., 764 F. Supp. 1442 (N.D. Ala. 1991), in this regard is therefore misplaced. As an initial matter, it will be noted that "[s]eparate and independent is a reference not to the variety of legal theories advanced but to the underlying occurrence giving rise to the litigation." Rozumalski v. Pierce, 707 F. Supp. 652, 655 (W.D.N.Y. 1989) (citing Gardner & Florence Call Cowles Found. v. Empire Inc., 754 F.2d 478 (2d Cir. 1985)). Moreover, and equally dispositive, the section 1441(c) "separate and independent" claim analysis "do[es] not apply to cases over which a federal court has [supplemental] jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 355 n.11 (1988). Accord Williams, supra note 7, 858 F. Supp. at 100; Clark, supra note 7, 813 F. Supp. at 434 n.3.

and rules that defendant's removal of the entire controversy to this court is permissible.

b.  The Discretion to Exercise Jurisdiction

Despite the foregoing finding that the court has the power to hear the state-law claims, supra part 2.a, the court must next address whether, under the present circumstances, the exercise of said power is appropriate.  See Pueblo Int'l Inc. v. De Cardona, 725 F.2d 823, 825 (1st Cir. 1984) (court need only consider two questions for removal under section 1441(b): "Does the complaint raise a genuine federal question?  If so, is [supplemental] jurisdiction over the [state] claims appropriate?").

To begin, "[i]t is the obligation of a federal court 'to consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity' in order to decide whether it is appropriate to exercise [supplemental] claim jurisdiction." Neptune, supra, 706 F. Supp. at 962 (quoting Carnegie-Mellon, supra note 8, 484 U.S. at 350.  Acknowledging these considerations, the court must likewise evaluate the four discretionary factors Congress has specifically identified as appropriate bases for a declination of supplemental jurisdiction.

9

See 28 U.S.C. § 1367(c).[9]

With respect to subsection (1), it is clear to the court that plaintiffs' breach of contract and reimbursement allegations raise neither novel nor complex issues of state law such that remand would be justified. Subsection (2), however, presents a "value judgment," wherein the court must determine "whether the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims." Moore v. DeBiase, 766 F. Supp. 1311, 1319 (D.N.J. 1991).

Although plaintiffs' writ of summons includes both state and federal causes of action, a less literal reading of said writ is

---

[9]In deciding whether to exercise supplemental jurisdiction over state-law claims, the district court should consider whether:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The court notes that subsections (3) and (4) do not apply under the circumstances of the case at bar, and it will thus limit its discussion to only the first two considerations.

10

presently urged. For the purposes of the instant motion, plaintiff D'Allesandro asserts that the "state law claim for breach of contract is the 'crux of the action,' and her federal claims 'are not really [her] main mission,' but are only an 'incident or adjunct of the state claim[s]." Motion for Remand at 3 (quoting David D. Siegel, Commentary on 1990 Revision, 28 U.S.C.A. § 1441, 11-12 (1991) (brackets in Motion for Remand)). Irrespective of how plaintiffs currently view the nature of their claims, the court is to determine "the nature of [the] claims from the face of the complaint as it stood at the time the petition for removal was filed." Ching, supra, 921 F.2d at 13.

As the Supreme Court has chastened,

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (emphasis added) (footnote omitted). Being the master of her claim, D'Allesandro's "own decision to incorporate the [constitutional and civil rights] claim[s] as . . . elements of [the] suit at the time the complaint was filed opened the door for [the University]

11

to remove the case to the federal court." Ching, supra, 921 F.2d at 14.

Invested with the discretion to hear the entire matter, including the supplemental state-law issues, the court hereby finds and rules that remand is not appropriate. Since "plaintiff[s'] federal and state claims are all based upon the same alleged [] acts and, given the duplication and waste of judicial resources that separate trials would entail, plaintiff[s] [should] be expected to try them all in a single proceeding." Godfrey v. Perkin-Elmer Corp., 794 F. Supp. 1179, 1184 (D.N.H. 1992) (citation omitted). That "single proceeding" will occur in federal court. In consequence thereof, plaintiffs' motion for remand must be and herewith is denied.

## Conclusion

For the reasons set forth herein, plaintiffs' motion for remand (document 7) is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 23, 1995
cc: Stephen E. Borofsky, Esq.
    Daniel P. Schwarz, Esq.

12