■ TAHSEEN H. SYED, Respondent, v NORMEL CONSTRUCTION CORP. et al., Appellants. [773 NYS2d 345]—

Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered December 16, 2002, which, after a nonjury trial, awarded plaintiff $223,379.27 plus interest and costs,

unanimously modified, on the facts, to the extent of reducing the amount awarded by $25,108.62, and otherwise affirmed, without costs.

The trial court properly concluded that plaintiff subcontractor's failure to procure insurance was not a material breach of this contract and that plaintiff was wrongly terminated from the construction project. The contract between the parties allowed for defendant general contractor to obtain the required insurance in plaintiff subcontractor's name and to recover the costs of the premiums paid, and defendant general contractor exercised the option and permitted plaintiff subcontractor to continue working on the project for more than two months before terminating the contract (cf. *Tyro Indus. v Trevose Constr. Co.*, 737 F Supp 856 [1990]).

The trial court also properly concluded that defendant general contractor breached the construction contract. The contract called for plaintiff to perform certain items of work for agreed-upon prices, yet during the course of the project defendant unilaterally assigned items of work that were included in the contract to other subcontractors. Contrary to defendant's contention, the contract did not allow for such unilateral reassignments of work, and to the extent that the contract could be considered ambiguous in that respect, it should be construed against defendant, the drafter of the agreement (*see 151 W. Assoc. v Printsiples Fabric Corp.*, 61 NY2d 732, 734 [1984]).

The court's award should be reduced by the amount indicated inasmuch as that amount reflects contract payments to plaintiff already made by defendant general contractor and the insurance costs incurred by that defendant for the time it maintained insurance in plaintiff's name.

We have considered defendants' remaining contentions and find them unavailing. Concur—Andrias, J.P., Ellerin, Williams and Gonzalez, JJ.