Booston LLC v 35 W. Realty Co., LLC (2023 NY Slip Op 00949)

Booston LLC v 35 W. Realty Co., LLC

2023 NY Slip Op 00949

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Kapnick, J.P., Oing, Kennedy, Pitt-Burke, JJ. 

Index No. 654308/19 Appeal No. 17380-17381 Case No. 2022-03792, 2022-03794 

[*1]Booston LLC, Plaintiff-Respondent,
v
35 West Realty Co., LLC, Defendant-Appellant.

Rosenberg & Estis, P.C., New York (Norman Flitt of counsel), for appellant.
David Rozenholc & Associates, New York (James B. Fishman of counsel), for respondent.

Order and declaratory judgment (one paper), Supreme Court, New York County (Margaret A. Chan, J.), entered July 20, 2022, which, to the extent appealed from as limited by the briefs, denied defendant's motion for partial summary judgment dismissing plaintiff's first cause of action seeking a declaration that plaintiff has not violated any substantial obligation of its tenancy and has not defaulted under any provision of its lease with defendant and for a contrary declaration, granted plaintiff's cross motion for summary judgment on its first cause of action and declared that plaintiff is not in violation of the insurance requirements of the lease, and granted plaintiff's cross motion to dismiss defendant's second and third counterclaims for use and occupancy and attorneys' fees, respectively, and bringing up for review an order, same court and Justice, entered on or about June 28, 2022, which, inter alia, denied defendant's motion for partial summary judgment dismissing the first cause of action and granted plaintiff's cross motion for summary judgment on that cause of action to the extent of issuing a declaration consistent with the foregoing, unanimously affirmed, with costs. Appeal from June 2022 order, unanimously dismissed, without costs, as subsumed in the appeal from the order and declaratory judgment. 
The court correctly granted the declaratory relief sought by plaintiff and denied defendant's motion for a contrary declaration. As the court found, the undefined term "single limit," as used in Article 9 of the rider to the parties' lease agreement is ambiguous, and any ambiguity must be construed against defendant landlord, since an interpretation in defendant's favor would impose an additional burden on plaintiff tenant that was not clearly stated in the lease (see 151 W. Assoc. v Printsiples Fabric Corp., 61 NY2d 732, 734 [1984]). The court properly rejected the interpretation offered by defendant's expert as unsupported and, in any event, "expert witnesses should not be called to offer opinion as to the legal obligations of parties under a contract" (Good Hill Master Fund L.P. v Deutsche Bank AG, 146 AD3d 632, 637 [1st Dept 2017] [internal quotation marks omitted]).
Defendant's second counterclaim for use and occupancy and third counterclaim for attorneys' fees were properly dismissed because they were ancillary to the unsuccessful counterclaim for ejectment based on plaintiff's alleged violation of the insurance requirements, and defendant's contention that they were independent claims
for relief arising from future nonpayment of use and occupancy or other defaults by plaintiff is unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023