The Schenectady Stove Company, Respondent, *v.* Charles Holbrook et al., Appellants.

A contract for the sale of goods may not be predicated on an offer which was modified or withdrawn before an unconditional acceptance.

Under an offer of immediate sale, the buyer cannot extend the times of payment, by postponing the time of delivery, without the vendor's consent.

On August 16, 1879, plaintiff in answer to a request from defendant's firm, gave by letter its prices for certain goods, with this statement, "this price only to hold good till thirtieth September." On September twenty-second defendants sent an order with directions, to have the goods ordered, put up and marked in a specified way, and sent in five or six shipments, at intervals of ten days or two weeks. In September, prior to the giving of the order, C., an agent of the plaintiff, had made to defendant, a proposition, modifying slightly the written offer; plaintiff on September twenty-fifth, wrote defendants, acknowledging receipt of order, giving their understanding of the terms, proposed by C.; on September twenty-~~ninth~~, *seventh* defendants sent another order, claiming, however, that the prices given by C. were less than as stated by plaintiff; plaintiff returned the order, with letter, stating it was beyond its power to accept. In an action to recover for the goods delivered under the first order, defendants set up as a counter-claim, damages for failure to fill the second order. *Held* untenable; that no contract was made for the sale of the goods specified in such order.

(Argued December 2, 1885; decided December 22, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made June 1, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover a balance alleged to be due for goods sold and delivered to defendants' firm. Defendants set up, as a counter-claim, damages for an alleged failure on the part of plaintiff to perform a contract for the sale and delivery of other goods.

On August 15, 1879, the firm of Holbrook, Merril & Stetson, composed of defendants, wrote plaintiff, asking for " best prices on hollow-ware, delivered in New York." On August 16, 1879, plaintiff answered, inclosing catalogue, and offering the goods at a discount from catalogue prices as follows : " Sixty per cent, and ten per cent cash thirty days, but this price only to hold good till thirtieth September."

In September following, one Clute, an agent of the plaintiff, called upon defendants, and made some modification in the prices. On September twenty-~~fifth~~ *second*, sent an order with directions to " make five or six shipments of above, to New York," the first one, soon as convenient, the others to follow ten days, or two weeks apart, also giving directions as to the manner of putting up, and marking the goods ; on September twenty-fifth, plaintiff wrote to defendants as follows : " Our Mr. Clute has just returned and reported the conversation he had with you, in respect to your order of twenty-second instant, but he leaves us in doubt as to how it is to be invoiced, at sixty per cent and ten per cent cash, or sixty per cent and five per cent six months flat note." On September twenty-seventh, defendants sent another order to be put up and shipped the same as directed in reference to the first order, adding this statement : " The price Mr. Clute gave us was sixty-five per cent six months, or three and one-half per cent cash." On September twenty-ninth, plaintiff returned the order, writing as follows : " You must be mistaken in discount Mr. Clute gave you. He positively asserts it was sixty per cent, and five per cent six months' note. We cannot, therefore, ship any ware until you inform us whether

we are to invoice at sixty per cent and ten per cent cash, or sixty per cent and five per cent six months' note. We return order of twenty-seventh, as it is beyond our power to accept it." Several other letters passed between the parties, each reiterating their views as to the offer made by Mr. Clute. On October third, defendants wrote : " You can invoice the ware as you choose, either at the cash price, or the six months' price." Plaintiff filled the first order, and the action was to recover a balance unpaid thereon.   *Holbrook .*

*Jesse Johnson* for appellants. A quotation of prices, to hold good for a specified time, and orders given thereon, within that time, reasonable in amount, and before the quotation is withdrawn, makes a contract binding on both parties. (*Howard* v. *Daly,* 61 N. Y. 362 ; *Pierson* v. *Morch,* 82 id. 503 ; *Trivor* v. *Wood,* 36 id. 307 ; *C. & Gt. E. R. R. Co.* v. *Dane,* 43 id. 240 ; *Martier* v. *Frith,* 6 Wend. 103 ; *Vassar* v. *Camp,* 11 N. Y. 441 ; *Myers* v. *Smith,* 48 Barb. 614.) The statement made by the letters of defendants that the order of the twenty-seventh exceeded plaintiff's capacity is not available here. (*Kellogg* v. *Norman,* 74 N. Y. 596.) The construction of contracts, resting on disconnected facts or papers, is ordinarily for the jury and not for the court. (*First Nat. Bank* v. *Dana,* 79 N. Y. 108 ; *Hawkins* v. *Pemberton,* 51 id. 202 ; *Jennings* v. *Sherwood,* 8 Com. 127 ; *Gardner* v. *Clark,* 17 Barb. 538 ; *Overton* v. *Tracy,* 14 S. & R. 330 ; *Watson* v. *Bland,* 12 id. 136 ; *Donaldson* v. *Richards,* 2 Harr. [Penn.] 205 ; 1 Greenl. on Ev. 275 ; *Duffee* v. *Mason,* 8 Cow. 25 ; *Payne* v. *T. & B. R. R. Co.,* 83 N. Y. 572 ; *Wolfkill* v. *Sixth Ave. R. R. Co.,* 38 id. 49.) It was not necessary for the plaintiff to offer proof of the interest due. That could have been computed by the jury or the counsel under the direction of the court. (*Huntington* v. *Conkey,* 33 Barb. 218.) The right to the affirmative upon an issue of fact is a legal right not resting in the discretion of the court. (*Willard* v. *Thorn,* 56 N. Y. 402 ; *Elwell* v. *Chamberlain,* 31 id. 611 ; *Hoxie* v. *Green,* 37 How. Pr. 97.)

_Elihu Root_ for respondent.   The letter of August 16, 1879, was merely a quotation of prices.   It was not a proposition which, if accepted, would constitute a contract.   (_Holtz_ v. _Schmidt_, 59 N. Y. 253 ; _Moulton_ v. _Kirshaw_, 59 Wis. 316.) Even if the letter of August sixteenth had contained all the elements essential to a proposition, the acceptance of which would constitute a contract, the transaction of September twenty-second, between the defendant and Mr. Clute, as shown in the correspondence, would have put an end to the proposition and excluded the possibility of its future acceptance.   (_Frith_ v. _Lawrence_, 1 Paige, 440.)   That there was no evidence of any contract was matter for the determination of the court. (_Eaton_ v. _Smith_, 20 Pick. 150 ; _Gibbs_ v. _Society_, etc., 38 Conn. 153 ; _Hutchinson_ v. _Bower_, 5 M. & W. 535.)   If there was a contract, the difference between the contract price and the market value of the goods on the thirtieth of September was the measure of damages.   (_Masterdon_ v. _Mayor_, etc., 7 Hill, 62 ; _Parsons_ v. _Sutton_, 66 N. Y. 92.)

RUGER, Ch. J.   It is quite obvious that no contract was ever made between the parties with respect to the sale of the goods described in the order of September twenty-seventh.   Their minds never met as to some of the elements necessary to constitute a valid contract.   The catalogue of prices, containing a statement of terms of sale, delivered to defendants by plaintiff in August, contained no proposition, as to the amount of goods which the plaintiff was willing to sell, on the terms stated, and until an offer is made by one party, complete and definite in all material terms, it is not possible for another, to make a valid contract by the mere acceptance of a proposition.   In other words, so long as there remains any of the material conditions of a contract to be settled and agreed upon, no binding agreement exists.

In both of the orders in question certain stipulations were imposed by the buyers, outside of terms and prices, which required an assent on the part of the vendor to make a valid executory contract of sale.   Thus, the vendees required the goods to be put up in a particular manner, in bundles of uniform size,

with only a certain number of articles in each bundle, and that the goods should be shipped to New York in five or six shipments, with ten days or two weeks to intervene between each shipment.

Even if the prices and terms of credit had been agreed upon and understood, the vendor might well have declined to accept the order sent, upon the ground that the period for the delivery of the goods was extended beyond the limit set by them in giving price, viz., the thirtieth of September, or that their proposition, as to prices, related only to orders to be accompanied by immediate delivery, and payments to correspond with such time. Upon an offer of immediate sale at specified terms of credit, the buyer cannot extend the time of payment by postponing the time of delivery, without the vendor's consent.

But there is another objection to the alleged counter-claim. If the price list, delivered to the defendants by the plaintiff, could be regarded as containing a definite proposition to sell, which was open to the defendants to accept, previous to September thirtieth, and thus complete the execution of a contract, it was still, until accepted, a mere proposition, which it was competent for the plaintiff to withdraw at pleasure. The defendant did not, at any time prior to September thirtieth, order goods from plaintiff upon the terms stated in the plaintiff's price list. They claim that some time during the month of September one Clute, the agent of plaintiff, gave them other terms, and that they, therefore, had a right to order on the modified terms. Assume this to be so, and also that an unconditional order by the defendants of goods, according to the terms as modified by Clute, would make a valid contract, yet this would not render the order of the twenty-seventh good, for the reason that Clute's modification was practically withdrawn by the plaintiff before its acceptance by defendants. The plaintiff in the letter of the twenty-fifth of September assumes that, after Clute's modification, only two rates of discount were open to purchasers under the price list, and that defendants must conform to one or the other in making purchases. In reply to

this letter, defendants make the large order of September twenty-seventh, which is in dispute, and require that it shall be accepted upon the terms which they had previously understood Clute to offer.

Even if we assume that Clute did make the modification as claimed by defendants, yet they were informed on the twenty-fifth, that neither Clute nor the plaintiff supposed that he had made any such modification, and the only terms upon which they were willing to make sales were re-stated to the defendants. Notwithstanding this information and the implied disavowal of the Clute terms, the defendants still insisted that the order of the twenty-seventh should be accepted and filled according to their understanding of the prior order. Certainly no irrevocable offer was made by plaintiff, and no contract can be predicated upon an offer which has been modified or withdrawn before an unconditional acceptance. If at the time an acceptance is made there is a dispute going on between the parties as to the terms of the offer, can it be said that the minds of the parties have met when the acceptance of the disputed offer is tendered? We think not.

We have thus concluded that no contract for the sale of the goods mentioned in the order of September twenty-seventh was made by the receipt by the plaintiff of defendants' letter of that date; and it is equally clear that none was made afterward.

Upon the twenty-ninth the plaintiff informed the defendants that it was beyond their power to accept that order, and they have never varied from this position. They had the right to reject the order for the reason stated, whatever may have been the truth as to the controversy, relating to terms and prices; and after September thirtieth, no offer remained open for the defendants' acceptance. The order of September twenty-second was made good by the delivery and acceptance of the goods, the plaintiff having severed the orders by distinct and repeated refusals to fill the one of the twenty-seventh.

The judgment should be affirmed.

All concur.

Judgment affirmed.