(7 Misc. Rep. 680.)

### JACKSON v. RODE.[1]

(Common Pleas of New York City and County, General Term. April 2, 1894.)

CONTRACTS—MUTUAL ASSENT.

　　Defendant wrote to the owner of a house offering to accept a lease to terminate on April 1st following. The owner called at defendant's house when he was absent, and defendant again wrote, referring to the visit, and stating that he understood from his wife that he (the owner) had accepted the offer, but he refused to accede to the owner's wish to have possession of the house at an earlier day than April 1st. The owner replied that he would not recede from his proposal as to the

[1] Reargument denied. See 28 N. Y. Supp. 1143.

termination of the lease. Defendant then refused to take the lease, whereupon the owner wrote that he would hold him to his offer. *Held*, that the minds of the parties did not meet.

Appeal from eleventh district court.

Action by John Jackson against Frederick Rode to recover damages alleged to have been caused by defendant's refusal to assume possession of the premises alleged to have been leased to him. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

George Hill, for appellant.
Herbert J. Hindes, for respondent.

BISCHOFF, J. It is impossible, upon attentive consideration of the evidence, to conclude that a lease was at any time entered into between the defendant and plaintiff's assignor. All the negotiations between the parties concededly existed only in the correspondence between them. On October 13, 1893, defendant wrote to plaintiff's assignor, offering to accept a lease of the New Rochelle house from November 1, 1893, to April 1, 1894, at the monthly rental of $25. In response to this the assignor called at defendant's residence, but failed to meet the latter. On October 16th defendant again wrote, referring to the occasion of the assignor's call, and expressing regret at not meeting him. In this last-mentioned letter defendant mentions the fact that he was informed by his wife that he (the assignor) had accepted his (defendant's) offer of October 13th, and refers to the assignor's expressed wish to have possession of the house surrendered to him on March 20, 1894, to enable him to proceed with contemplated decorations and repairs, to which proposed surrender, however, defendant refused to accede. On October 17th plaintiff's assignor replied by refusing to recede from his proposal that the house be surrendered to him at the time mentioned, and on October 23d defendant again wrote, this time withdrawing his offer to accept a lease altogether. This last letter evoked a response from plaintiff's assignor, which was to the effect that he would hold defendant to his offer of October 16th. It is apparent that the minds of the parties never met; that they had never fully agreed respecting the terms of any proposed lease; defendant insisting that it should endure until April 1st, and plaintiff's assignor that it should expire on March 20th. Consistently with his withdrawal of the offer to accept a lease, defendant concededly never occupied the premises during any part of the proposed term. Until, therefore, defendant's offer was unconditionally accepted by plaintiff's assignor, or the latter's proposed modification of the offer was unconditionally assented to by the defendant, there was no agreement, hence no lease; and before his offer was unconditionally accepted by plaintiff's assignor it was competent to defendant to withdraw it. Stove Co. v. Holbrook, 101 N. Y. 45, 4 N. E. 4. It was error on the part of the justice below to award damages in any amount to the plaintiff, and as, upon the facts, the judg-

ment must be reversed, and the complaint be dismissed, it is unnecessary to examine other grounds of alleged error.   Judgment reversed, and complaint dismissed, with costs of this appeal and of the court below.