# APPELLATE DIVISION

OF THE

## SUPREME COURT

OF THE

### STATE OF NEW YORK

---

BELL CLOTHES SHOPS, INC., Respondent, *v.* HARRY KAMBER, Trading as H. KAMBER & Co., Appellant.

*First Department, December 15, 1922.*

**Statute of Frauds — action by buyer to recover for failure to deliver goods purchased — memorandum of sale made by seller's agent subject to approval by home office was not signed by seller or agent but seller's name appeared in print upon memorandum — approval by home office must be in writing to satisfy Statute of Frauds — memorandum of sale amounted merely to option by buyer to seller — acceptance must be in writing to satisfy Statute of Frauds and bind seller.**

A memorandum of sale of goods does not comply with the Statute of Frauds and become binding on the seller where it appears that the memorandum was given by the agent of the seller; that it was not signed by the seller or its agent except that there was printed thereon the seller's name; that there was a provision in the memorandum of sale that the sale was subject to the approval of the home office and that said approval was not given in writing but was given orally.

The memorandum amounted simply to an option given by the buyer to the seller, and since it was not accepted in writing by the seller it was not enforcible against it.

APPEAL by the defendant, Harry Kamber, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of January, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 18th day of January, 1922, denying defendant's motion for a new trial made upon the minutes.

*Joseph, Demov & Feinstein* [*I. Maurice Wormser* of counsel; *Lazarus Joseph* with him on the brief], for the appellant.

*Shaine & Weinrib* [*Samuel J. Rawak* of counsel], for the respondent.

SMITH, J.:

The plaintiff's action is brought to recover damages for the failure of the defendant to deliver goods claimed to have been purchased by the plaintiff. The contract claimed was to purchase 450 suits of men's clothes at agreed prices. The defense relied upon is the Statute of Frauds which was duly pleaded. (See Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571.) The only memorandum upon which the plaintiff relies is a memorandum of sale given by the defendant's agent, which had upon the letterhead the defendant's name. It was not otherwise signed by any one. In this memorandum of sale, however, was a provision that the sale was subject to the approval of the home office. There is no writing which shows such approval, the plaintiff relying upon an oral statement made by defendant that the sale was all right and that the defendant would deliver the goods.

The contention of the plaintiff is that the authority of an agent to sign the name of his principal need not be in writing, but may be shown by parol. Some cases hold that such authority may even be ratified by parol. The plaintiff argues from this that it necessarily follows that the approval of the contract required by the contract itself may be shown by parol, the same as a ratification of the agent's authority to sign. If we assume that the use of defendant's letterhead by defendant's agent was equivalent to a signature by the agent or defendant and that the agent's authority to sign the paper presented was shown to have originally existed, or to have been ratified thereafter, the only contract made was a contract which would become binding only when approved by the home office. This contract is a contract with a condition attached, to wit, the approval of the home office. For failure to show this approval in writing, the plaintiff has not shown a writing required by the Statute of Frauds in order to bind the party here sought to be charged. It seems to be well settled by the authorities that the contract which is required by that statute is a writing showing *a completed* contract. If a condition be attached to the writing in order to make it a valid contract, in order to make it enforcible against the party sought to be charged it must be shown by a writing that that condition had been fulfilled. (See Wood's Statute of Frauds, § 374; Brown's Statute of Frauds [5th ed.], § 371.)

If any element of the contract necessary to make the contract a binding and complete contract is not included in the writing and resort must be had to parol evidence to supply that element, then, under all the authorities, the writing is not sufficient to satisfy the statute.

The paper, claimed to have been signed in this case, amounted

simply to an option given to the seller. That option is not good in an action brought by the purchaser against the seller who has only accepted the option by parol. (See 20 Cyc. 254, note 63, with many cases cited.) In *Pettibone* v. *Moore* (75 Hun, 461) the rule is stated: "A binding contract, enforcible in equity, may be constituted by the proposal of one party and the acceptance of the other. If the proposal is in writing, signed by the party to be charged, and contains all the terms of the proposed contract, a simple assent only is required of the other party, which may be verbal, and the contract as against the party signing is good within the Statute of Frauds. The fact that a contract, by reason of the acceptance being verbal, may not be enforcible against the party accepting, is no defense to the party signing the same."

In American Annotated Cases (1913 A, p. 1042) the rule is thus stated: "The general rule has no application, however, where the acceptor and not the person making the offer is the party to be charged. In such a case an oral acceptance of a written offer does not constitute a sufficient memorandum to satisfy the Statute of Frauds. *Linn* v. *McLean*, 85 Ala. 250; *Smith* v. *Gowdy*, 8 Allen (Mass.), 566." In *Justice* v. *Lang* (42 N. Y. 494) it is held that " The signing such an instrument by a vendor takes the contract out of the Statute of Frauds and binds him, although it is not subscribed by the vendee. The object of the statute is to compel the production of written evidence of the terms of the contract, against the party sought to be charged thereon. It is not essential to the liability of the party sought to be charged, that there be mutuality of obligation; and the fact that the contract may not be enforceable against one party, because not subscribed by him, is no defense to the other, by whom it is subscribed."

It is thus apparent that not only must there be a complete contract sufficiently executed independently of the Statute of Frauds, but in this class of cases the party to be charged must have signed, either by himself or by his authorized agent, a complete contract, and, as oral evidence was required in this case to show the approval of the seller, the paper as signed by the agent was not a complete contract sufficient to satisfy the requirements of the statute.

The judgment and order should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.