LEONARD C. PRATT Co., INC., Appellant, v. DAVID S. ROSEMAN, Doing Business under the Firm Name and Style of ROSEMAN KNITWEAR, Respondent.

First Department, May 17, 1940.

*Max Tachna* of counsel [*Lewis A. Pinkussohn* and *Paul Bauman* with him on the brief; *Tachna & Pinkussohn*, attorneys], for the appellant.

*Louis B. Brodsky* of counsel [*Joseph A. Gluckman* with him on the brief; *Louis B. Brodsky*, attorney], for the respondent.

Dore, J. The issue on this appeal is whether the written memorandum on which defendant relies to defeat plaintiff's claim for the agreed price of merchandise sold and delivered to defendant is unenforcible under the Statute of Frauds* because essential terms of an agreement are omitted and left for future negotiation.

On April 11, 1939, plaintiff sold defendant 10,000 pounds of yarn for the agreed price of $13,286.32 on a credit to defendant expiring September 9, 1939, and concededly completed delivery by June 16, 1939. Payment not having been made when due, plaintiff instituted this action for the agreed price of the 10,000 pounds of yarn sold and delivered to defendant. All the allegations of the complaint were admitted by defendant except that defendant denied $13,286.32 was due; and by way of defense alleged the agreement was not to sell 10,000 pounds of yarn but 25,000 pounds, and counterclaimed for plaintiff's alleged breach in refusing to deliver the additional 15,000 pounds. Plaintiff in its reply denied the existence of any contract for 25,000 pounds and pleaded the Statute of Frauds.

Defendant in his answer admits that the contract he relies on was reduced to writing and in his affidavit identifies the writing as a letter dated April 11, 1939, concededly sent by plaintiff to defendant, the relevant portion of which is as follows: " We wish to confirm also, as per enclosure, sale to you of 10,000 pounds of our ' OS ' yarn in 2/20's at $1.30 dyed, but are not including on the contract, which this letter should cover, an additional 15,000 pounds to be used following the 10,000 pounds with the understanding that price is to be determined between us, subject to market fluctuations, not to be less than $1.27½ in the event of decline or more than $1.32½ in the event of advance. This

---

* Pers. Prop. Law, § 85.— [Rep.

only applies to the additional 15,000 pounds." Inclosed with this letter was a written contract dated April 11, 1939, relating solely to the 10,000 pounds at the agreed price of $1.30 per pound. On April 13, 1939, defendant acknowledged plaintiff's letter, returned the signed contract for the 10,000 pounds as required by the terms of the confirmation of sale, but made no comment with regard to the " additional 15,000 pounds " mentioned in the letter.

Special Term denied plaintiff's motion for summary judgment on the ground that there were issues to be tried, stating: " Certainly the contract relied upon should not be disposed of without a trial." We think the ruling was error as under the Statute of Frauds, which was properly pleaded, the memorandum in writing on which defendant relies to take the case out of the statute is unenforcible since material elements necessary to make the contract binding and complete are absent and resort must be had to parol evidence to supply the deficiency. (*Bell Clothes Shops, Inc.*, v. *Kamber*, 204 App. Div. 1, 2.) A reading of the document relied on shows that the price of the additional 15,000 pounds, an essential element in a contract of sale (*Ansorge* v. *Kane*, 244 N. Y. 395, 398; 1 Williston on Contracts, [Rev. ed.] § 37, p. 99), is not determined but left for future negotiation and agreement. The letter reads: " * * * 15,000 pounds to be used following the 10,000 pounds with the understanding that price is to be determined between us, subject to market fluctuations, not to be less than $1.27½ in the event of decline or more than $1.32½ in the event of advance." The document relied on expressly says the " price is to be determined between us." It does not, as defendant contends, give a fixed formula by which the price can be made certain without further future negotiations or agreement. It does not say the price is to be $1.27½ if the market declines below $1.30 (the rate agreed on for the 10,000 pounds) and $1.32½ if the market price advances above that rate. It says " not to be less than " $1.27½ or " more than " $1.32½, thus necessarily leaving the price undetermined and undeterminable within a range of five cents per pound except by an agreement in the future. So far as the 15,000 additional pounds are concerned, the memorandum is but an agreement to agree and as such is not enforcible. (*Sun Printing & Publishing Assn.* v. *Remington Paper & Power Co.*, 235 N. Y. 338, 345; *St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.*, Id. 30, 36.)

The memorandum is also indefinite as to when the price was to be determined, whether on June 16, 1939, immediately after the delivery of the 10,000 pounds, or on September 16, 1939, when defendant, without any basis in the memorandum, claims ship-

ments were to start, or some other date. The importance of the date when the price should be determined becomes apparent when we realize that the last shipment of the 10,000 pounds was on June 16, 1939, and it was not until the middle of September, after the price of yarn had risen sharply because of the war, that defendant wrote insisting plaintiff make shipment "immediately" on account of the additional 15,000 pounds. Furthermore, no dates for delivery are specified and no terms for payment made. Defendant urges that terms of payment need not be inserted in the letter because they are printed on the confirmation of sale with regard to the 10,000 pounds and are customary. But the letter of April 11, 1939, specifically excludes the additional 15,000 pounds from coverage under the confirmation of that date; even as to the 10,000 pounds the printed terms were not completely adhered to but varied pursuant to agreement with regard to credit to defendant; and if defendant relies on the printed clauses of the confirmation, those terms expressly require a signed order by the buyer and there is none.

"Price is a material element of any contract of sale and an agreement to agree thereon in the future is too indefinite to be enforcible." (*Ansorge* v. *Kane*, 244 N. Y. 395, 398.) As was said by CARDOZO, J., in *Sun Printing & Publishing Assn.* v. *Remington Paper & Power Co.* (235 N. Y. 338, at p. 344): "Market prices in 1920 happened to rise. The importance of the time element becomes apparent when we ask ourselves what the seller's position would be if they had happened to fall. * * * The parties attempted to guard against the contingency of failing to come together as to price. They did not guard against the contingency of failing to come together as to time. Very likely they thought the latter contingency so remote that it could safely be disregarded. In any event, whether through design or through inadvertence, they left the gap unfilled. The result was nothing more than ' an agreement to agree ' (*St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.*, 235 N. Y. 30, 36)."

We think, too, that defendant breached the contract on which he relies by failing to make payment for the 10,000 pounds of yarn when payment was concededly due. Defendant by his letter dated September 19, 1939, his verified answer and his bill of particulars fixed the date of plaintiff's alleged anticipatory breach as September 16, 1939. That was one week after the date (September 9, 1939) when payment was due for the 10,000 pounds of yarn concededly sold, delivered to and accepted by defendant but not paid for.

The order denying plaintiff's motion for summary judgment should be reversed, with twenty dollars costs and disbursements, and the motion granted, and judgment directed in favor of plaintiff against defendant in the sum of $13,286.32, with interest from September 9, 1939, and costs.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted, and judgment directed in favor of plaintiff against defendant in the sum of $13,286.32, with interest from September 9, 1939, and costs. Settle order on notice.