NEWCO REALTY CORP., Plaintiff, *v.* BECKER & McKAY BROS., INC., et al., Defendants.

Supreme Court, Special Term, Nassau County, October 10, 1952.

*Charles G. Ritter* for defendants.

*Alexander Berman* for plaintiff.

HALLINAN, J. Motion by defendants, pursuant to rule 107 of the Rules of Civil Practice, for an order dismissing the complaint herein on the ground that the alleged contract on which the cause of action is founded is unenforcible under the Statute of Frauds. (Personal Property Law, § 85.)

Plaintiff alleges that the corporate defendant owns a parcel of land and that on or about June 13, 1951, the individual defendants offered to sell all of the capital stock of the defendant corporation for $130,000. Plaintiff further alleges that it accepted the offer on November 27, 1951. The writing upon which plaintiff relies to take the case out of the Statute of Frauds is a letter, dated June 13, 1951, from the defendants to a broker. It is not a contract with the plaintiff nor signed by the plaintiff nor even addressed to the plaintiff. While it was signed by the defendants, it falls far short of the requirements for a memorandum under the Statute of Frauds. It does not name a specific buyer and is obviously only a listing with a broker to bring about a sale.

In *Irvmor Corp.* v. *Rodewald* (253 N. Y. 472, 475) the Court of Appeals said: " There is a settled rule of law that a note or memorandum of a contract for a sale of land must identify by name or description the parties to the transaction, a seller and a buyer." (Citing authorities.) (See, also, *Raleigh Associates* v. *Henry*, 302 N. Y. 467, 472.) While the instant contract involved the sale of stock rather than land the rule with respect to the sufficiency of the memorandum is the same.

The case of *Goldblatt* v. *Rosenwasser* (301 N. Y. 579) cited by the plaintiff is not to the contrary. There both parties to the contract were ascertained because each " had signed separate but similar copies of the " memorandum.

The motion is granted. Submit order.