RHODA RUBIN, Plaintiff, *v.* INWOOD MOTORS, INC., Defendant.

Supreme Court, Special Term, Westchester County, April 10, 1954.

*Goodman & Werner* for defendant.

*Rubin & Rubin* for plaintiff.

BAILEY, J. Defendant moves for summary judgment and for an order dismissing the complaint for legal insufficiency.

The action is to recover $500 damages for breach of an alleged contract to sell an automobile. The sale price exceeds $50 and compliance with section 85 of the Personal Property Law is required. The note or memorandum relied upon to satisfy the requirements of the Statute of Frauds is as follows:

" We will give you $950.00 for this 46 Packard on a New '53 Ford. This is no joke — you can hold us to it! We have these cars for immediate delivery on our showroom floor.

This offer good for 48 hours only. Bring this with you.

Signed    H. MATTEN

Sales Rep.

INWOOD MOTORS, INC.
216 Street & Broadway
(across from
Baker's Field) ''.

The written note or memorandum referred to in section 85 of the Personal Property Law must include all the terms of the contract including the subject matter of the sale, the terms and the names or a description of the parties to the transaction. (*Poel* v. *Brunswick-Balke-Collender Co. of N. Y.*, 216 N. Y. 310; *Mentz* v. *Newwitter*, 122 N. Y. 491; *Newco Realty Corp.* v. *Becker & McKay Bros.*, 203 Misc. 528.)

If any element of the contract necessary to make it binding is not included in the writing, it is insufficient. Resort may not be had to parol evidence to supply a necessary element. The writing must be by and of itself a complete expression of the intention of the parties. (*Matter of Levin*, 302 N. Y. 535, 541; *Bell Clothes Shops* v. *Kamber*, 204 App. Div. 1, affd. 236 N. Y. 569.)

The memorandum herein fails to identify the automobile to be traded, fails to identify the new automobile to be purchased, fails to state the sales price of the new automobile, fails to name the buyer and fails to set forth the terms of sale. These elements may not be supplied by parol evidence and the memorandum is clearly insufficient to satisfy the Statute of Frauds under the authorities hereinabove cited.

The memorandum herein does not even purport to be a contract of sale but by its very terms is nothing more than an offer which the seller was at liberty to withdraw (*Schenectady Stove Co.* v. *Holbrook*, 101 N. Y. 45, 49).

The memorandum appears to be a mere invitation to negotiate or the solicitation of an offer from the prospective buyer who is invited to appear at the showroom, inspect the new cars and enter negotiations for a trade and purchase. Such a memorandum is insufficient to ripen into a contract enforcible under the Statute of Frauds. (See *Golding* v. *Katz*, 61 N. Y. S. 2d 620, and *Lovett* v. *Loeser & Co.*, 124 Misc. 81.)

Motions granted.

Submit order.