■ Seaman Furniture Company, Inc., Appellant, v Carl Seaman et al., Respondents. [701 NYS2d 82] —In an action, *inter alia,* to recover damages for alleged rent overcharges on three leases, and a judgment declaring, among other things, that future rent increases under the subject leases should be calculated based upon annual percentage increases in the national Consumer Price Index, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feuerstein, J.), entered November 17, 1998, which granted the defendants' motion for summary judgment dismissing the complaint, denied those branches of its cross motion which were for summary judgment dismissing the defendants' answer and first and third counterclaims, and severed the first and third counterclaims.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that future rent increases under the subject leases shall be calculated under the New York Metropolitan Area Consumer Price Index.

The plaintiff brought this action, *inter alia,* to recover damages for alleged rent overcharges on three leases. Inasmuch as the lease provisions concerning escalation of rent were ambiguous with respect to which consumer price index was to be applied, the Supreme Court properly considered extrinsic evidence of the parties' intent (*see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *see also, Harza N.E. v Lehrer McGovern Bovis,* 255 AD2d 935; *Kailasanathan v Mysorekar,* 234 AD2d 425; *First Dev. Corp. v Delco Plainview Realty Assocs.,* 194 AD2d 711). Since the plaintiff failed to present any admissible evidence contradicting the defendants' showing that the parties to the leases intended to apply the New York Metropolitan Area Consumer Price Index, the Supreme Court properly granted the defendants' motion for summary judgment. We note that

since this action seeks, *inter alia*, a declaratory judgment, the Supreme Court should have directed the entry of a declaration in favor of the defendants rather than dismiss the complaint (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

In light of our determination, we need not reach the ° plaintiff's remaining contentions. Altman, J. P., H. Miller, Schmidt and Smith, JJ., concur.