■ ROSA LUNA, Appellant, v LOWER EAST SIDE MUTUAL HOUSING ASSOCIATION, INC., Respondent. [740 NYS2d 317] —Order and judgment (one paper), Supreme Court, New York County (Louis York, J.), entered on or about April 18, 2001, which, inter alia, denied plaintiff tenant's motion for a preliminary injunction enjoining the tolling of the 30-day termination notice, injunctive relief to enjoin further issuance of notices to terminate the lease, and specific performance on a lease renewal provision, and which also granted defendant's cross motion to dismiss, modified, on the law and the facts, to grant the preliminary injunction to the extent of staying eviction pending further fact finding on condition that the tenant continue paying use and occupancy and otherwise satisfy her rental obligations pending completion of further fact finding, to deny the cross motion to reinstate the complaint, and the matter remanded for further proceedings not inconsistent herewith, and otherwise affirmed, without costs.

The central issue is whether the landlord validly declined to offer an option to renew, and whether the IAS court properly concluded that the option to renew was unenforceable. Resolution of these legal issues involves findings as to, inter alia, which of the two conflicting option to renew clauses contained in the record is the effective one; whether the tenant validly communicated her intent to exercise the option; and whether and why the landlord validly declined to renew (more particularly, whether the tenant was in default under the lease, and, if so, whether the grounds to be asserted constituted a material breach; and whether the tenant validly demonstrated that she was not in default). Until these factual findings are made, we cannot conclude as a matter of law that the option to renew was unenforceable. Accordingly, we preliminarily enjoin the landlord from evicting the tenant and remand for fact finding on these issues.

We disagree with the motion court's finding that the provision of rent reserved under the option was too vague for enforcement. Here, the renewal rent is limited to an increase of 10% of the last monthly rent ($488.84) of the expired lease.

Under the circumstances of this case, we find that the renewal clause provides and objective basis for determining the rental amount intended by the parties to be paid upon a renewal. Notably, tenant concedes her willingness to pay the full 10%. Concur—Tom, J.P., Ellerin and Wallach, JJ.

Buckley and Sullivan, JJ., dissent in part in a memorandum by Sullivan, J. as follows: While I agree with the majority that further fact finding is necessary, I do not agree that an option to renew the lease which provides that the renewal rent "will not be increased by more than 10%" is enforceable. There are two different versions of an "ADDENDUM TO COMMERCIAL LEASE." The renewal clause in one provides, "Tenant shall have the first right to renew for another term of two years provided Tenant shall comply with and fulfil all terms of the original lease hereunder. The rent of the renewed term will not be increased by more than 10%. If Tenant decides to renew, a new lease with substantially similar terms shall be required." The other provides, with respect to renewal, merely that "[t]enant shall have the first right to renew provide Tenant shall comply with and fulfill all terms of the original lease hereunder."

Noting only the former renewal clause, the motion court held that since the amount of the rent was left undecided, the clause was merely an agreement to agree and thus unenforceable. In my view, this is the correct analysis. Contrary to the majority's conclusion, the clause provides no objective basis for determining the rental amount the parties intended to pay upon renewal of the lease. It is undisputed that the lease reflects that the parties never reached an agreement as to the amount of rent to be paid under a renewal lease. Although the clause provides for a rent increase within a range of from 0 to 10%, here, as in *Martin Delicatessen v Schumacher* (52 NY2d 105), a material term is left for future negotiation. There is no methodology for calculating the amount to be paid during the renewal term (*id.* at 110), leaving the amount not only undetermined but undeterminable (*see, Leonard C. Pratt Co. v Roseman,* 259 App Div 534, 536). In *Pratt,* which involved a contract for yarn specifying a price of yarn within a range of five cents per pound, the Court held that it was unenforceable agreement to agree. The tenant's present expression of willingness to pay the full 10% does not alter the uncertainty of the original obligation and cannot belatedly transform the agreement into one that is sufficiently definite so as to be enforceable.