■ Eddie Wilson, Sr., et al., Appellants, v Valley Park Estates Owners Corp. et al., Respondents. [754 NYS2d 315] —In an action, inter alia, for a judgment declaring that the plaintiff Eddie Wilson, Sr., is in compliance with the terms of his proprietary lease, the plaintiffs appeal, as limited by their brief,

from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated March 12, 2002, as, (1), in effect, denied their motion for a preliminary injunction on the first cause of action, (2), granted those branches of the defendants' cross motion which were for summary judgment dismissing the second, third, and fourth causes of action insofar as asserted against the defendants Valley Park Estates Owners Corp. and Board of Directors of Valley Park Estates Owners Corp., and, in effect, upon searching the record, dismissed the first cause of action insofar as asserted against those defendants, and (3) granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Jose Pastrana.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, the complaint is reinstated, the motion for a preliminary injunction on the first cause of action is granted, and, pending the determination of this action, the defendants are enjoined from taking any action to terminate the proprietary lease or to remove the plaintiffs from the subject premises; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for the fixing of an appropriate undertaking (*see* CPLR 6312 [b]).

There are triable issues of fact as to whether the plaintiff Eddie Wilson, Sr., breached his proprietary lease by allowing his daughter and her fiancé to reside in the unit he purchased, while he lived elsewhere. The defendants claim that the proprietary lease required that the subject unit be occupied by the shareholder and his family, and that according to the cooperative's policy, use of the unit was considered a sublet unless the shareholder was in residence. Such a sublet required consent of the cooperative's board of directors, which allegedly was not obtained. However, the relevant provision of the proprietary lease is ambiguous and does not expressly require that consent be obtained for the type of arrangement at issue in this case. Accordingly, judgment as a matter of law should not have been granted in the defendants' favor on the basis of this alleged breach (*see Zuckerman v City of New York,* 49 NY2d 557; *Expedite NYC v 1600 Stewart Ave.,* 276 AD2d 740).

The defendants Valley Park Estates Owners Corp. and Board of Directors of Valley Park Estates Owners Corp. are not entitled to judgment as a matter of law based on their additional contention that the plaintiff Eddie Wilson, Sr., also was in violation of his lease by keeping a dog weighing more than 35 pounds. The record contains two different versions of

the house rules, and one version contains no weight limitation on dogs. Thus, summary judgment should not have been granted to those defendants based on this alleged breach (*see Luna v Lower E. Side Mut. Hous. Assn.,* 293 AD2d 307).

Further, the Supreme Court erred in granting that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against the defendant Jose Pastrana. The complaint alleges that Pastrana, the managing agent of the cooperative, recommended to its board of directors that a notice of termination be served upon Eddie Wilson, Sr., and that he engaged in other allegedly harassing conduct for which the plaintiffs seek compensation. In support of the cross motion, Pastrana submitted an affidavit in which he merely claimed, inter alia, that he acted at the direction of the cooperative's directors and officers, and was advised by counsel that he was not a necessary party to this case. We conclude that Pastrana did not make a prima facie showing of entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

Under the facts presented herein we deem it appropriate to maintain the status quo pending a resolution of the issues in this case.

The parties' remaining contentions either need not be addressed in light of the above determination, or are without merit. Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.