Northridge Coop. Section III, Inc. v Bonilla (2021 NY Slip Op 50648(U))

[*1]

Northridge Coop. Section III, Inc. v Bonilla

2021 NY Slip Op 50648(U) [72 Misc 3d 132(A)]

Decided on July 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2019-1628 Q C

Northridge Cooperative Section III, Inc.,
Appellant,
against
Evelyn Bonilla, Roselyn Bonilla and Jane Bonilla, Respondents.

The Bresky Law Firm, PLLC (Marc S. Bresky and Ariel S. Bresky of counsel), for appellant.
Tane Waterman & Wurtzel, P.C. (Moshe C. Bobker of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Queens County (Lydia C.
Lai, J.), dated June 27, 2019. The order granted a motion by respondents Evelyn Bonilla and
Roselyn Bonilla for summary judgment dismissing the petition and denied petitioner's cross
motion for summary judgment in a holdover summary proceeding.

ORDERED that the order is affirmed, without costs.
Petitioner, a cooperative corporation, commenced this holdover proceeding to recover
possession of an apartment in a building it owns, alleging that respondent Evelyn Bonilla, a
"[m]ember" of the corporation who occupied the apartment, violated the occupancy agreement by
allowing her daughter, respondent Roselyn Bonilla, to reside in the apartment alone while Evelyn
Bonilla resided elsewhere. Evelyn Bonilla and Roselyn Bonilla ("respondents") appeared and
answered, and subsequently moved for summary judgment dismissing the petition arguing, as
relevant here, that there was no requirement in the occupancy agreement that Evelyn Bonilla
occupy the subject apartment contemporaneously with her immediate family members in order
for the family members to be permitted to reside in the apartment. Petitioner cross-moved for
summary judgment. By order dated June 27, 2019, the Civil Court granted respondents' motion
for summary judgment dismissing the petition and denied petitioner's cross motion for summary
judgment.
Petitioner argues that language in the occupancy agreement which limits occupancy to the
"Member . . . and his immediate family" should be construed to require that Evelyn Bonilla [*2]occupy the subject apartment contemporaneously with her daughter
in order for the daughter to continue to reside in the apartment. However, in a case where
members of a cooperative corporation moved out of the apartment in which they had lived
pursuant to an occupancy agreement, leaving behind their adult son, the Appellate Division,
Second Department, construing similar language in that occupancy agreement, characterized the
members' son as "unquestionably [having] the right of possession" and further held that his wife's
residence in the subject apartment with him "did not constitute a violation of a substantial
obligation of the occupancy agreement" (Mainstay Coop. Section Two v Hroch,105
AD2d 695, 695 [2d Dept 1984]; see also Barbizon Owners Corp. v Chudick,159 Misc 2d
1023, 1024-1026 [Civ Ct, Queens County 1994]; cf. Chiagkouris v 201 W. 16 Owners
Corp., 160 AD3d 469, 469 [1st Dept 2018]; 445/86 Owners Corp. v Haydon, 300
AD2d 87 [1st Dept 2002]).
Petitioner further argues that additional language found later in the occupancy agreement, in
article 12, stating that "[i]f the Member for any reason shall cease to be an occupant of the
premises he shall surrender to the Corporation possession thereof, including any alterations,
additions, fixtures and improvements," imposes upon Evelyn Bonilla an affirmative duty to
surrender possession of the apartment upon vacating the premises. While this language is
susceptible to petitioner's interpretation, the agreement, read as a whole, including the
above-quoted provision limiting occupancy to the "Member . . . and his immediate family," could
also be read, in the Second Department, to mean that, so long as an "immediate family" member
resides in the apartment, the "Member" has not "cease[d] to be an occupant of the premises." The
language could alternatively be construed, not to require a "Member" to surrender possession, but
rather to require that, upon a "Member's" surrender of possession, the "Member" "shall surrender.
. . any alterations, additions, fixtures and improvements," particularly in light of its placement:
within article 12, entitled "Alterations and Additions," and following language prohibiting
structural changes to the premises or the removal of "any additions, improvements, or fixtures
from the premises." Since the language relied upon by petitioner can be interpreted in several
ways, it is ambiguous and does not expressly require the result urged by petitioner (see
Wilson v Valley Park Estates Owners Corp., 301 AD2d 589, 590 [2003]). Under the
circumstances presented, the ambiguity should be construed against petitioner, who drafted the
occupancy agreement (see 327 Realty, LLC v Nextel of NY, Inc., 150 AD3d 581, 582
[2017]; E.M.R. Mgt. Corp. v Halstead Harrison Assoc., 299 AD2d 393, 393-394 [2002];
Dushin v Jacobowitz, 267 AD2d 347, 347 [1999]).
Petitioner's remaining contentions are either improperly raised for the first time on appeal or
without merit.
Accordingly, the order is affirmed.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 2, 2021