N.A.R., Inc. v D'Andrea (2021 NY Slip Op 50661(U))

[*1]

N.A.R., Inc. v D'Andrea

2021 NY Slip Op 50661(U) [72 Misc 3d 132(A)]

Decided on July 8, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 8, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2020-734 S C

N.A.R., Inc., as Assignee of Crest Financial
Services LLC, Respondent, 
against
Bonnie D'Andrea, Appellant. 

John F. Clennan, Esq., for appellant.
Roach & Murtha, P.C., for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, First District (John P.
Schettino, J.), entered May 18, 2020. The order, insofar as appealed from, denied defendant's
motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
Plaintiff commenced this action on September 11, 2019 by the filing of a summons and
complaint. Plaintiff alleged in the complaint, among other things, that defendant "entered into a
lease agreement whereby defendant would pay indebtedness incurred in agreed upon
installments" and that defendant "defaulted in making payments pursuant to a lease agreement
and currently owes a balance of $1,089.81, plus interest from 10/27/2014." Defendant's answer
contains a general denial and asserts as an affirmative defense, among other things, that the
action was barred by the statute of limitations.
Thereafter, defendant moved for summary judgment dismissing the complaint. In support of
the motion, defendant's attorney alleged in his affirmation that the action arises from a lease
agreement that was executed in June 2014. It was further alleged that the action was commenced
more than four years after the last payment by defendant. The agreement is entitled "LEASE
AGREEMENT WITH OWNERSHIP OPTION." Section one of the lease agreement defines the
[*2]"Lease" as a "Lease Agreement with Option to Purchase."
The property described in the lease agreement is a "QMATTRESS," listed at a cost of $787.33.
The "Lessor/ Owner" is Crest Financial Services, LLC. Defendant is named as the
"Lessee/Potential Purchaser," and the transaction date is June 14, 2014. Section three of the
agreement expressly provides that "[t]his is a lease transaction." In addition, the lease provides
"You are renting the property." 
In opposition to the motion, Ashley Williams, Legal Action Coordinator for plaintiff, alleged
in her affidavit that plaintiff "entered into a lease financing agreement with Defendant on June
14, 2014 for the rental of a Q Mattress." Defendant was to make weekly payments in the sum of
$27.26 and that the "payments were to be made via electronic funds transfer." On October 6,
2014, payment was returned due to insufficient funds. Defendant has not made any payment
since September 19, 2014. Counsel alleged in her affirmation that the lease transaction involved
the purchase of a mattress.
In an order entered May 18, 2020, insofar as appealed from, the District Court denied
defendant's motion. On appeal, defendant contends that the complaint should be dismissed since
the transaction between the parties is a lease and the action was commenced more than four years
after the cause of action had accrued.
The lease in this case falls squarely under the definition of a "consumer lease" (UCC
2-A-103 [e]). Additionally, plaintiff asserted in its opposition to the motion that defendant leased
the mattress primarily for personal, family, or household purposes. UCC 2-A-506 (1) provides
for a four-year limitations period for an action for default under a consumer lease. Consequently,
defendant's motion for summary judgment dismissing the complaint must be granted since
plaintiff's cause of action accrued more than four years before plaintiff commenced this action on
September 11, 2019 (see UCC 2-A-506 [2]).
We note that plaintiff's Legal Action Coordinator alleged in her affidavit in opposition to the
motion for summary judgment that the agreement was a finance lease (see UCC 2-A-103
[g]). Finance leases are also governed under a four-year statute of limitations (see UCC
2-A-506 [1]). Even if this "Lease Agreement" were to be construed as an agreement for the sale
of goods (see UCC 2-102), as alleged in plaintiff's counsel's affirmation, the statute of
limitations therefor would, pursuant to CPLR 213 (2) and UCC 2-725 (1), still only be four years.

In view of the foregoing, we pass upon no other issue.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for
summary judgment dismissing the complaint is granted.
GARGUILO, J.P., EMERSON and DRISCOLL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 8, 2021