FAC Preserv. HDFC v Moreno (2021 NY Slip Op 50784(U))

[*1]

FAC Preserv. HDFC v Moreno

2021 NY Slip Op 50784(U) [72 Misc 3d 139(A)]

Decided on August 6, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 6, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2020-88 K C

FAC Preservation HDFC, Respondent,
against
Delio Moreno, Appellant, "John Doe" and "Jane Doe", Undertenants.

Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP (Serge Joseph of counsel),
for appellant.
SDK Heiberger, LLP (Steven B. Sperber and Jacqueline Handel-Harbour of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Eleanora
Ofshtein, J.), entered December 31, 2018. The order, insofar as appealed from, upon reargument,
adhered to that court's prior determination in an order dated August 31, 2018 denying tenant's
motion for summary judgment dismissing the petition and granting landlord's cross motion for
summary judgment, and granted landlord's motion for attorney's fees to the extent of setting the
matter down for a hearing to determine the amount of attorney's fees due landlord in a holdover
summary proceeding.

ORDERED that the order, insofar as appealed from, is reversed, without costs, upon
reargument, tenant's motion for summary judgment dismissing the petition is granted and
landlord's cross motion for summary judgment is denied, and landlord's motion for attorney's fees
is denied.
In this holdover proceeding seeking to recover possession of a rent-stabilized apartment,
landlord's termination notice alleged that tenant refused to sign a renewal lease. The issue before
this court is whether the proffered renewal lease permissibly raised the rent charged from a
reduced rent, which had been charged to tenant since 2008 and in several renewal leases, to the
legal regulated rent. Tenant moved for summary judgment dismissing the petition and landlord
cross-moved for summary judgment, each arguing that a 2008 rent reduction rider unequivocally
supported their opposing positions. Landlord asserted that the reduced rent was limited to the
first lease term and tenant asserted that any increases were to be based upon the reduced rent for
the duration of the tenancy. In an order dated August 31, 2018, the Civil Court denied tenant's
[*2]motion and granted landlord's cross motion. In an order
entered December 31, 2019, the Civil Court granted tenant's cross motion for leave to reargue his
motion for summary judgment and his opposition to landlord's cross motion for summary
judgment and, upon reargument, adhered to its prior determination, and granted landlord's
motion for attorney's fees to the extent of setting the matter down for a hearing to determine the
amount of attorney's fees due landlord. 
Contrary to the Civil Court's determination, the 2008 rider does not unambiguously support
landlord's interpretation (see Private Housing Finance Law § 800; Matter of
Barmat Realty Co., LLC v New York State Div. of Hous. & Community Renewal, 67
AD3d 1006, 1007 [2009]). The rider states that "this tenant's rent will remain at the reduced level
for the term of the lease, and will be subject to annual lease increases as allowed by rent
stabilization." It does not affirmatively permit landlord, in subsequent renewal leases, to raise the
rent to the previously established legal regulated rent but, rather, specifically allows for "annual
lease increases as allowed by rent stabilization," therefore requiring that any rental increases be
based upon the reduced rent for the duration of the tenancy. To the extent that this language may
be considered ambiguous—and in the absence of landlord proffering any parole evidence
to support its interpretation—any ambiguity must, in any event, be construed against
landlord, as the drafter of the rider (see 151 W. Assoc. v Printsiples Fabric Corp., 61
NY2d 732 [1984]). Under the circumstances, tenant properly refused to sign the renewal lease,
and therefore, upon reargument, tenant's motion for summary judgment dismissing the petition
should have been granted and landlord's cross motion for summary judgment should have been
denied. 
In view of the foregoing, landlord's motion for attorney's fees must be denied, as landlord is
not the prevailing party.
Accordingly, the order, insofar as appealed from, is reversed, upon reargument, tenant's
motion for summary judgment dismissing the petition is granted and landlord's cross motion for
summary judgment is denied, and landlord's motion for attorney's fees is denied.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 6, 2021