Tapper v Jedrusiejko (2022 NY Slip Op 50156(U))

[*1]

Tapper v Jedrusiejko

2022 NY Slip Op 50156(U) [74 Misc 3d 132(A)]

Decided on February 25, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 25, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2021-136 K C

Joseph Tapper, Appellant,
against
Wladyslaw Jedrusiejko, Respondent. 

James G. Dibbini & Associates, P.C. (Kunal S. Yadav of counsel), for appellant.
Itkowitz, PLLC (Jay B. Itkowitz of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Marc
Finkelstein, J.), dated March 21, 2019. The order granted tenant's motion for attorneys' fees and
directed a hearing to determine the reasonable amount of such fees in a holdover summary
proceeding.

ORDERED that the order is reversed, without costs, and tenant's motion for attorneys' fees is
denied.
In 2014, landlord commenced this owner's use holdover proceeding to recover possession of
tenant's rent-stabilized apartment for landlord's son's use. By a two-attorney stipulation dated
August 20, 2018, the proceeding was discontinued without prejudice. Tenant thereafter moved to
recover attorneys' fees incurred in defending the holdover proceeding. By order entered March
21, 2019, the Civil Court granted tenant's motion and set the matter down for a hearing to
determine the reasonable amount of the attorneys' fees to be awarded (see FAC Preserv. HDFC v Moreno, 72
Misc 3d 139[A], 2021 NY Slip Op 50784[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2021]).
"When 'there [i]s no express reservation of rights with respect to the derivative issue of
attorneys' fees, it must be deemed to have been waived and subsumed in the negotiated
settlement' " (Gaisi v Gaisi, 48 AD3d 744, 745 [2008], quoting Harmir Realty Co. v
Tesa, 2003 NY Slip Op 50015 [U], *1 [App Term, 1st Dept 2003]; see J.D. Realty Assoc.
v Shanley, 288 AD2d 27, 28 [2001]). As tenant failed to demonstrate such an express
reservation of his right to [*2]seek attorneys' fees when
stipulating to discontinue this holdover proceeding, the right must be deemed to have been
waived (see Beka Realty, LLC v
Gold, 65 Misc 3d 156[A], 2019 NY Slip Op 51953[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2019]; Echelon
Photography, LLC v Dara Partners, L.P., 25 Misc 3d 133[A], 2009 NY Slip Op
52184[U] [App Term, 1st Dept 2009]; Rosewohl Enters., LLC v Gluck, 16 Misc 3d 132[A], 2007 NY Slip
Op 51458[U] [App Term, 1st Dept 2007]). Consequently, tenant's motion for attorneys' fees
should have been denied.
Accordingly, the order is reversed, and tenant's motion for attorneys' fees is denied.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 25, 2022