50 Brompton Owners, Inc. v Freeman (2025 NY Slip Op 50481(U))

[*1]

50 Brompton Owners, Inc. v Freeman

2025 NY Slip Op 50481(U)

Decided on March 20, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JOSEPH R. CONWAY, JJ

2024-164 N C

50 Brompton Owners, Inc., Respondent,
against
Michael Freeman, Kathy Freeman, Also Known as Kathleen Freeman, and Zachary Freeman, Appellants, "John" "Doe", and "Jane" "Doe", Undertenants. 

William D. Friedman, for appellants.
Schneider Buchel, LLP (Marc H. Schneider of counsel), for respondent.

Appeal from a final judgment of the District Court of Nassau County, First District (Christopher J. Coschignano, J.), entered February 14, 2024. The final judgment, after a nonjury trial, awarded landlord possession in a holdover summary proceeding.

ORDERED that the final judgment is reversed, without costs, and the petition is dismissed.
Landlord, a cooperative corporation, commenced this holdover proceeding to recover possession of an apartment from tenant, Michael Freeman, following the termination of his proprietary lease. Landlord alleged that tenant breached a substantial obligation of that lease by permitting his son and tenant's ex-wife to reside in the subject apartment without tenant in violation of paragraph 14, which states:
"The Lessee shall not, without the written consent of the Lessor on such conditions as Lessor may prescribe, occupy or use the apartment or permit the same or any part thereof to be occupied or used for any purpose other than a private dwelling for the Lessee and members of Lessee's family, but no apartment may be occupied by more than one family at a time without the written consent of Lessor. As used herein, members of the family shall include spouse, parents, children, parents in law, brothers, sisters, grandchildren or no more than three persons unrelated by blood or marriage. The term 'spouse' as used herein shall also include a member of the same or opposite sex with whom the Lessee [*2]actually resides. In addition to the foregoing, the apartment may be occupied from time to time by guests of the Lessee for a period of time not exceeding one month, unless a longer period is approved in writing by the Lessor, but no guests may occupy the apartment unless one or more of the permitted adult residents are then in occupancy or unless consented to in writing by the Lessor."
The parties sought to have the matter decided on submissions, stipulated facts and legal arguments (see CPLR 409). It is undisputed that tenant purchased the shares appurtenant to the subject apartment from the sponsor in 2003, and that his son and daughter were listed in the contract of sale as the proposed occupants. It is further undisputed that tenant's son resided in the apartment, without tenant, for approximately nine years, vacated for a year, and then moved back into the apartment in 2013. It was not until tenant's son re-occupied the apartment, along with his mother (tenant's ex-wife), that landlord questioned tenant's absence from the apartment. Landlord took the position that paragraph 14 unambiguously required tenant's co-occupancy with any family member, and that extrinsic evidence would be inadmissible parole evidence. Upon a review of the submissions, the court elected to hold a nonjury trial (see CPLR 410) at which only tenant testified.
Following the trial, in a decision dated February 6, 2024, the District Court (Christopher J. Coschignano, J.) interpreted the language in the proprietary lease which limits occupancy to the "Lessee and members of Lessee's family" to mean that tenant is obligated to reside in the subject apartment along with any members of his family and, consequently, that tenant was in breach. In a final judgment entered February 14, 2024, the court awarded landlord possession.
In Mainstay Coop. Section Two v Hroch (105 AD2d 695, 695 [1984]), where the occupancy agreement limited occupancy to the "Member [of a federally insured co-operative housing corporation] and his immediate family," the Appellate Division, Second Department, held that the lessees' son, who resided in the cooperative unit without the lessees present, "unquestionably had the right of possession" (see Northridge Coop. Section III, Inc. v Bonilla, 72 Misc 3d 132[A], 2021 NY Slip Op 50648[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). Subsequently, in Wilson v Valley Park Estates Owners Corp. (301 AD2d 589, 590 [2003]), a landlord cooperative argued that "the proprietary lease required that the subject unit be occupied by the shareholder and his family, and that according to the cooperative's policy, use of the unit was considered a sublet unless the shareholder was in residence . . . requir[ing] consent of the cooperative's board of directors." The Appellate Division, Second Department, held that the "relevant provision of the proprietary lease is ambiguous and does not expressly require that consent be obtained for the type of arrangement at issue in this case," and therefore determined that summary judgment in the landlord's favor was not warranted (id.). While the lease language was not quoted in that decision, a review of the record reveals that it contains a paragraph identical to paragraph 14 of the instant lease which, unlike the lease in Mainstay Coop. Section Two, defines "members of the family" to include "persons unrelated by blood or marriage" (cf. 445/86 Owners Corp. v Haydon, 300 AD2d 87 [2002]). Thus, to the extent this additional language may render the lease language in paragraph 14 ambiguous as to whether tenant's co-occupancy was required, "in the absence of landlord proffering any [extrinsic] evidence to support its interpretation" (FAC Preserv. HDFC v Moreno, 72 Misc 3d 139[A], 2021 NY Slip Op 50784[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; cf. Seaman Furniture [*3]Co. v Seaman, 267 AD2d 297 1999]), the ambiguity should be construed against landlord, who drafted the proprietary lease (see 151 W. Assoc. v Printsiples Fabric Corp., 61 NY2d 732 [1984]; 2330 Ocean Assoc., LLC v Haroun, 219 AD3d 1386 [2023]; Northridge Coop. Section III, Inc. v Bonilla, 2021 NY Slip Op 50648[U]).
We reach no other issue. 
Accordingly, the final judgment is reversed and the petition is dismissed.
GARGUILO, P.J., DRISCOLL and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 20, 2025